**Ex parte SINGH.**

**No. 22051–S.**

District Court, N. D. California, S. D.

Sept. 26, 1935.

S. Luke Howe, of Sacramento, Cal., and Marshall B. Woodworth, of San Francisco, Cal., for petitioner.

H. H. McPike, U. S. Dist. Atty., of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Habeas corpus proceedings by Kartar Singh, who has been ordered deported by the Secretary of Labor upon the ground that he is an alien ineligible to citizenship, and is not exempt under paragraph (c), section 13, of the Immigration Act of 1924 (approved May 26, 1924, 8 USCA § 213 (c).

The controlling issue of fact in this case was whether petitioner entered the United States before or after July 1, 1924, the effective date of the act. After several hearings at which the petitioner testified, the immigration officials found that the alien entered the United States after July 1, 1924, and that he was subject to deportation.

It is expressly provided by section 23 of the act (8 USCA § 221) that "the burden of proof shall be upon such alien to show that he entered the United States lawfully, and the time, place, and manner of such entry."

It is also so well settled as to have become elementary that unless it can be said that the findings of fact of the immigration authorities in these deportation cases were manifestly unfair, or that their conclusions were arbitrary, the courts are not at liberty to overrule such findings. Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; Kumaki Koga v. Berkshire (C. C. A.) 75 F.(2d) 820.

The contention that identification of the alien by means of a photograph, as a person known to witnesses in Mexico and as having worked at designated times and places in Mexico, if unsupported, would be open to rigid investigation; but where, as here, the identification is corroborated by oral and convincing documentary evidence, and the alien himself admitted that he entered the United States surreptitiously, that he had testified falsely with respect to the date and place of entry, that he was not the rightful holder of documentary evidence he adduced, and that he attempted to use the documents fraudulently, the court is of opinion that its duty does not require any discussion of petitioner's contentions that the findings were arbitrary and that the hearings were unfair. It is certain the petitioner did not sustain his burden of proof.

Writ denied.